UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re
     JASON G. MORGAN                          BK 14-12168 CLB


                     Debtor               DECISION & ORDER
------------------------------------------------------


                         Mark S. Wallach, Esq.
                         Penny, Maier & Wallach
                         P.O. Box 607
                         Amherst, New York 14226
                         Attorney for Trustee


                         Barry H. Sternberg, Esq.
                         Barry H. Sternberg Law Office
                         4245 Union Road, Suite 101
                         Cheektowaga, New York 14225
                         Attorney for Debtor


Bucki, U.S.B.J.


     The Chapter 7 trustee has moved for authority to recover various costs and expenses from the exempt portion of proceeds derived from a sale of the debtor's homestead. The central issue involves whether the decision of the Supreme Court in *Law v. Siegel*, 571 U.S. 415, 134 S.Ct. 1188 (2014), will protect the full value of the claimed exemption.

     Jason G. Morgan filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 22, 2014. In schedules filed with his petition, Mr. Morgan acknowledged ownership of a homestead at 50 East Avenue in the Town of West Seneca, New York. The debtor stated that this residence had a value of $141,026, and claimed a homestead exemption in the amount of $75,000. Proofs of claim filed in this case show that on the date of bankruptcy filing, the property was subject to delinquent real estate taxes in the amount of $31,778.55. Otherwise, the property was not

encumbered by any mortgage or other lien.  Recognizing the existence of non-exempt equity, Morgan proposed a plan that contemplated full payment of both pre-petition taxes and all unsecured claims.  The plan was then duly confirmed by order dated April 15, 2015.

Although the debtor made significant payments to the Chapter 13 trustee, he eventually defaulted on his plan commitments.  Consequently, the Chapter 13 trustee moved for conversion of this case into a proceeding under Chapter 7.  Without opposition from the debtor, the Court granted the trustee's motion.  An order of conversion was entered on September 12, 2017, and on that same day, Mark S. Wallach was appointed to serve as the Chapter 7 trustee. Thereafter, the case trustee negotiated a contract to sell the property at 50 East Avenue to a third party for $138,000.  A notice of intent to sell was then duly served upon interested parties, but neither the debtor nor any creditor objected.  In April of 2018, shortly after Jason Morgan had voluntarily vacated the premises, the trustee completed the sale.  From the proceeds, the trustee has satisfied the various costs of sale, as well as any outstanding pre-petition and post-petition taxes on the real estate.  Prior to any distribution on account of the debtor's exemption, the trustee held net proceeds in excess of $100,000.  However, due to post-petition taxes and the other administrative expenses, the trustee now lacks sufficient funds both to release $75,000 to the debtor on account of his exemption and to satisfy unsecured claims in full.

During the pendency of this case in Chapter 13 and after its conversion to Chapter 7, Jason Morgan failed to pay most of the accruing real property taxes.  As a consequence, the sale proceeds were offset by post-petition taxes and penalties in the net amount of $19,028.25.  Additionally, the debtor had failed to pay a water bill in the amount of $52.47 and left the premises without removing various used tires.  In order to fulfill a requirement of the contract of sale that the property be free of debris, the

trustee expended $275 for disposal. The trustee asserts that by reason of the foregoing, the estate realized $19,355.72 less than it otherwise should have derived from its sale of 50 East Avenue. Mr. Wallach now moves to reduce the debtor's homestead exemption by a similar amount, to the effect that the net exemption would be $55,644.28.

Morgan enjoyed the benefit of occupancy from the filing of the bankruptcy petition until the sale of the property. For this reason, the trustee argues that the debtor had an obligation to pay the ongoing taxes and water charges and for tire removal. Accordingly, the trustee seeks reimbursement from the debtor's share of exempt proceeds. Alternatively, the trustee contends that real property taxes attached to the debtor's homestead interest. Morgan responds that the proposed offsets constitute a surcharge of the type that the Supreme Court prohibited in its decision in *Law v. Siegel*, 571 U.S. 415 (2014).

Discussion

Section 704(a)(1) of the Bankruptcy Code directs that a trustee in Chapter 7 shall "collect and reduce to money the property of the estate for which the trustee serves." Property of the estate is defined generally to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Notwithstanding section 541, however, 11 U.S.C. § 522(b) provides that "an individual debtor may exempt" various assets from property of the estate. Although section 522 specifies a default list of exemptible assets, the statute grants to the states limited authority to substitute a different set of exemptions. 11 U.S.C. § 522(b)(3). Pursuant to Debtor and Creditor Law § 285, the State of New York permits debtors in bankruptcy to claim either federal exemptions under 11 U.S.C. § 522(d) or an alternative set of exemptions under state law.

Jason Morgan elected to claim the state exemptions. As allowed under New York Debtor and Creditor Law § 282 and C.P.L.R. 5206, he asserted a homestead exemption in the amount of $75,000. No one has challenged this entitlement, and the time to contest the exemption has long expired. *See* Bankruptcy Rule 4003(b).

A Chapter 13 plan may "include any other appropriate provision not inconsistent with [the Bankruptcy Code]." 11 U.S.C. § 1322(b)(11). Thus we have observed that "[i]n particular instances, a debtor and her creditors may negotiate a chapter 13 plan with special terms that address the risk of a loss of asset values. . . ." *In re Lang*, 437 B.R. 70, 73 (Bankr. W.D.N.Y. 2010). In the present case, neither the plan nor the order of confirmation contains any pledge or encumbrance of exempt assets. Rather, the Chapter 7 trustee asserts an implicit right to recover from exempt proceeds the administrative expenses that he necessarily expended in order to complete a sale of the real property.

In *Law v. Siegel*, 571 U.S. 415 (2014), the Supreme Court reversed a ruling of the Tenth Circuit that had allowed a trustee to surcharge the debtor's homestead exemption for various administrative expenses incurred in response to the debtor's wrongful conduct. In a unanimous decision, Justice Scalia concluded that a bankruptcy court "may not contravene express provisions of the Bankruptcy Code by ordering that the debtor's exempt property be used to pay debts and expenses for which that property is not liable under the Code." *Id.* at 427-28. The facts of the instant matter are somewhat different, in that the administrative expenses here involve a liquidation of property. Nonetheless, the trustee must still follow the clear directive of the Bankruptcy Code, that unless allowed by a statutory exception, "[p]roperty that the debtor exempts . . . is not liable for payment of any administrative expense." 11 U.S.C. § 522(k). When a debtor has asserted a proper exemption, "the court may not refuse to honor the exemption absent a valid statutory basis for doing so." 571 U.S.

at 424.  Upon a review of the applicable exemption law, we find in C.P.L.R. § 5206(a) the authority to recover a portion of the trustee's administrative expenses.

Section 5206(a) of the New York Civil Practice Law and Rules defines the applicable homestead exemption.  Notably, this subdivision contains the following limitation: "But no exempt homestead shall be exempt from taxation or from sale for non-payment of taxes or assessments."  Consequently, taxes accruing after the date of bankruptcy filing become a charge against both the exempt and non-exempt portions of the real property.

Both the debtor and his bankruptcy estate shared an ownership interest in the property on East Avenue: Morgan for the amount of his exemption and the estate for any non-exempt excess.  The assessed value for the entire parcel is $75,000 greater than its non-exempt value.  Because real estate taxes are based on the value of the whole property (including both exempt and non-exempt portions), part of the tax is attributable to the exemption.  In as much as the New York exemption statute allows the imposition of a tax on exempt property, the debtor must carry his allocable share of responsibility.

Jason Morgan here claimed a homestead exemption of $75,000.  Ultimately, the trustee sold the entire property for an agreed price of $138,000.  Accordingly, the exempt portion is properly charged with responsibility for a share of the post petition taxes, as determined by the fraction of 75/138.  After applying all relevant credits, Mr. Wallach advanced the net sum of $19,028.25 toward payment of post-petition taxes and penalties.  We appropriately treat $10,341.44 (i.e., $19,028.25 x 75/138) as a charge against the debtor's exempt interest.  The trustee may therefore recover that sum from the exempt proceeds of sale.  The balance of the tax, however, is attributable to non-exempt proceeds and must be recovered therefrom.

The court has identified no other statutory exception that would allow the trustee to recoup any additional portion of post-petition taxes or any expenditure for the water bill or for removal of debris. Accordingly, the trustee's motion is granted only to the extent of allowing the estate to retain the sum of $10,341.44 from proceeds attributable to the debtor's exempt interest in his homestead. Otherwise, the balance of exempt proceeds shall be released to the debtor.

So ordered.

```
                                    /s/ Carl L. Bucki
Dated: September 11, 2018           ---------------------------------------------
       Buffalo, New York            Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.
```